█ In the Matter of ELIZABETH J. BONNEY, Appellant, v. CLARENCE E. BROWN, Respondent.— Order entered on December 9, 1964 affirmed, without costs and without disbursements. Concur — Breitel, J. P., Stevens and Eager, JJ.; Rabin and Valente, JJ., dissent in the following memorandum: We dissent and would modify the order of the Family Court to increase the allowance for the support and education of the child, born out of wedlock, to $75 per week. Section 545 of the Family Court Act provides that "the court shall direct a father possessed of sufficient means or able to earn such means to pay weekly * * * a fair and reasonable sum for the support and education of the child until the child is twenty-one". The obligation to support a child born out of wedlock no longer is based upon the principle of indemnifying the community against any possibility of the child becoming a public charge. While that may be a consideration, the statute must be liberally construed so as to provide for the welfare of illegitimate children according to the age of the child, the station in life of its mother and the father's financial ability. (*Schaschlo* v. *Taishoff*, 2 N Y 2d 408.) On the evidence in the record herein regarding the respondent's financial ability, and giving due consideration to the respondent's other obligations in supporting an aged mother, a disabled brother, and a son attending law school, the award of $45 per week was palpably insufficient. Particularly is this so since the mother would have to utilize a good portion of that sum to hire someone to take care of the child while the mother sought necessary employment. In our opinion, the award of $45 per week constituted an abuse of discretion, and the amount should be increased to $75 per week.

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN J. HAYES, Appellant.— Order, entered October 27, 1964, denying without a hearing defendant's action for a writ of error *coram nobis*, unanimously affirmed. In the interests of justice the order of this court dated May 18, 1961, dismissing the appeal for lack of prosecution is vacated and the appeal reinstated. (*People* v. *De Renzzio*, 23 A D 2d 842.) Concur — Rabin, J. P., McNally, Stevens, Steuer and Staley, JJ.